IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| CATHERINE GEBHARDT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:09-CV-00425 |
| GMAC MORTGAGE, LLC and MGC MORTGAGE, INC., | ) Judge Thomas W. Phillips<br>) Magistrate Judge H. Bruce Guyton<br>) 12 Person Jury Demand |
| Respondents. | ) Removed from the Circuit Court for Sevier County, Tennessee<br>) (Case No. 2009-0599-I) |

**GMAC MORTGAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AMENDED VERIFIED PETITION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)**

GMAC Mortgage, LLC ("GMAC") respectfully submits this Memorandum in Support of Its Motion to Dismiss Amended Verified Petition Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). In support of GMAC's motion to dismiss, GMAC respectfully states as follows.

**I.    INTRODUCTION**

This action arises out of a loan extended by a third party to Petitioner Catherine Gebhardt (the "Petitioner" or "Gebhardt"), secured by real property located at 3753 Thomas Cross Road, Sevierville, Tennessee 37876 (the "Property"). The above-mentioned secured loan was previously transferred to GMAC for servicing (Loan No. 0359526020 (the "Loan")) and subsequently transferred to co-respondent MGC Mortgage, Inc. ("MGC"). Based upon the initial pleadings, this action appears to further arise out of Petitioner's default on the Loan and the resulting foreclosure proceedings commenced on the Property. On August 7, 2009,

Petitioner commenced this action by filing a Verified Petition to Require Respondent to Cure Mortgage Default and Set Aside the Pending Foreclosure in the Circuit Court for Sevier County, Tennessee. At that time, separate Summonses were issued to GMAC and MGC.[1] The Summonses issued on August 7, 2009 were returned "not served" by the Secretary of State for Tennessee.

On August 26, 2009, Petitioner filed her Amended Verified Petition to Require Respondent to Cure Mortgage Default and Set Aside the Pending Foreclosure (the "Amended Verified Petition")[2] [see Docket No. 1, Ex. A] in this action in the state court and separate Summonses were again issued to GMAC and MGC.[3] Both respondents, GMAC and MGC were served with a copy of the Amended Verified Petition and a Summons through their respective registered agents via certified mail on August 28, 2009. GMAC and MGC jointly removed this action on September 25, 2009. (See Notice of Removal [Docket No. 1].)

GMAC now moves this Court to dismiss this action because Petitioner's Amended Verified Petition fails to state any substantive facts or sufficiently plead any legal theory upon which Petitioner would be entitled to relief from GMAC. Specifically, Petitioner seeks monetary and other relief, including, but not limited to, (1) a declaration that "Petitioner

---

[1] The Verified Petition and Summons filed and issued on August 7, 2009 reflect that GMAC Mortgage Corporation rather than GMAC Mortgage, LLC was named as a defendant and summoned to appear to defend against Petitioner's claims. Petitioner later amended the Verified Petition and corrected this apparent mistake by naming GMAC Mortgage, LLC as a defendant.

[2] The Amended Verified Petition does not contain a verification executed by Petitioner and attesting under oath that the allegations contained in the Amended Verified Petition are true and correct to the best of her personal knowledge and belief. See generally Amended Verified Petition.

[3] The Amended Verified Petition names and a Summons was issued to GMAC Mortgage, LLC as defendant. Thus, the correct style of this case is Catherine Gebhardt v. GMAC Mortgage, LLC and MGC Mortgage, Inc.

has the right to a new mortgage contract and to make an equitable adjustment to the principal" balance on the Loan secured by the Property on the grounds that the "contract for home"[4] was an unconscionable and an adhesion contract;[5] (2) compensatory damages in the amount of $160,000.00 "for monies that she has paid to [Respondents] and previous lenders;"[6] (3) punitive damages in the amount of $300,000.00 for deceptive practices;[7] and (4) "reasonable attorney, filing and court cost fees."[8] Petitioner has wholly failed to allege (1) any substantive facts supporting the assertion that the terms of the Loan are procedurally and substantively unconscionable or (2) that GMAC is currently servicing the Loan or engaged in any conduct during its tenure as the servicer of the Loan that gives rise to liability under any legal theories. Accordingly, the Amended Verified Petition fails to state a claim upon which relief can be granted and the Court should dismiss the Petition, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## II. PETITIONER'S AMENDED VERIFIED PETITION

The Amended Verified Petition identifies Petitioner's causes of action as unconscionability and adhesive contract (see Amended Verified Petition at p. 2), which appear to be based upon Petitioner's mere assertion that "she really did not understand that the contract she

---

[4] The Amended Verified Petition references a "loan agreement" (Id. ¶ 4), "contract to purchase home" (Id. ¶ 7), "contract for home" (Id. ¶ 12), and "mortgage contract" (Id. at *ad damnum* clause ¶ 1). It is not fully clear, but it appears Petitioner uses these terms interchangeably to identify the agreement Petitioner alleges is unconscionable and an adhesion contract. The agreement at issue is not attached to the Amended Verified Petition nor are its terms set forth in the Amended Verified Petition.

[5] (Amended Verified Petition ¶ 12, *ad damnum* clause ¶ 1)

[6] (Id. at *ad damnum* clause ¶ 4.)

[7] (Id. at *ad damnum* clause ¶ 3.)

[8] (Id. at *ad damnum* clause ¶ 2.)

entered into was what appears to be an interest only loan" (Id. ¶ 9). Petitioner fails to recite the contractual terms or clauses at issue, let alone attach as an exhibit to the Amended Verified Petition a true and accurate copy of the entire agreement at issue. In addition, the Amended Verified Petition contains virtually no factual allegations and is comprised of conclusory statements that the agreement at issue was "an unconscionable and an adhesive contract" (Id. ¶ 12) and "has proven to be grossly unfair[,] . . . offensive to the public conscience[,]" (Id. ¶ 7), and one-sided in favor of the drafter (Id. ¶ 8). Specifically, Petitioner asserts that she entered into a loan agreement to purchase a home with a lender, Sebring Capital ("Sebring"), on or about November 7, 2002 (Id. ¶ 4) and Sebring[9] and subsequent buyers of the loan, including GMAC and MGC, "have taken full advantage of Petitioner's desire to own a home" (Id. ¶ 6).

As noted above, Petitioner seeks monetary and other relief, including, but not limited to, (1) a declaration that "Petitioner has the right to a new mortgage contract and to make an equitable adjustment to the principal" balance on the Loan secured by the Property; (2) compensatory damages in the amount of $160,000.00; (3) punitive damages in the amount of $300,000.00; and (4) reasonable attorney, filing and court cost fees. Petitioner wholly failed to sufficiently plead any legal theories or allege substantive facts or conduct by GMAC, which is merely a former servicer of the Loan, that would give rise to liability under any legal theory. Thus, GMAC moves to dismiss the Amended Verified Petition, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted. As set forth below, Petitioner has woefully failed to meet her pleading burden and, thus, the Court should grant GMAC's Motion to Dismiss and dismiss the Amended Verified Petition with prejudice.

---

[9] Sebring is not named as a respondent in this action.

### III. ARGUMENT

#### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A pleading that fails to meet the burdens imposed by Rule 8(a)(2) should be dismissed upon motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Supreme Court of the United States recently described the standard by which federal courts are to determine such a motion to dismiss as follows:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it <u>demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.</u> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.</u>

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added; internal citations and corresponding quotation marks omitted).

In holding that the above standard, previously articulated in the antitrust context in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), is applicable to all civil actions, the Supreme Court further explained the principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.</u> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, <u>only a complaint that states a plausible claim for relief survives a motion to dismiss.</u> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But <u>where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"—"that the pleader is entitled to relief."</u> Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Ashcroft</u>, 129 S. Ct. at 1950 (emphasis added; internal citations to <u>Twombly</u> and corresponding quotation marks omitted).

In sum, the Sixth Circuit's articulation of this standard of review for 12(b)(6) motions in <u>League of United Latin American Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007) and <u>United States ex rel. Bledsoe v. Community Health Systems, Inc.</u>, 501 F.3d 493, 502 (6th Cir. 2007), has stated the following:

> on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and <u>determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face. Thus, although the factual allegations in a complaint need not be detailed, they must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.</u>

Gallagher v. E.W. Scripps, Co., No. 08-2153-STA, 2009 WL 1505649 slip op. at *5 (W.D. Tenn. May, 28, 2009) (dismissing all claims filed by plaintiffs) (internal quotation marks omitted; emphasis added).

More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. While facts in the complaint are ordinarily regarded as true for purposes of determining the sufficiency of the pleading, mere conclusions of the pleader are not accepted as true. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971); Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956). Moreover, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988); see also Smith v. WTVF Channel 5 News, No. 3:08-0761, 2009 WL 1322566 at *1 (M.D. Tenn. May 11, 2009) (dismissing plaintiff's complaint for failure to state a claim for which relief can be granted because it consisted almost entirely of conclusions; failed to plead facts answering the basic questions of who, what, where and when; and failed to allege any of defendant's actions caused the plaintiff to suffer any actual injury that would be compensable at law).

As set forth more fully below, Petitioner's Amended Verified Petition in this action consists almost entirely of conclusions and does not contain enough facts to state a claim to relief that is plausible on its face for (1) avoidance or reformation of the agreement at issue based on unconscionability or adhesive contract; (2) compensatory damages in the amount of $160,000.00 for monies that Petitioner has paid to [Respondents] and previous lenders; (3) punitive damages in the amount of $300,000.00 for deceptive practices; or (4) any other monetary relief, including reasonable attorney, filing and court cost fees. Accordingly, this

Court should grant GMAC's Motion to Dismiss and dismiss the Petitioner's Amended Verified Petition with prejudice.

### B. PETITIONER FAILS TO STATE A CLAIM FOR WHICH ANY RELIEF CAN BE GRANTED.

Petitioner merely asserts in her Amended Verified Petition that her causes of action are "unconscionability" and "adhesive contract." (Amended Verified Petition at p. 2.) Although the question of whether a contract provision is unconscionable is a question of law, courts must consider factual allegations regarding the circumstances surrounding the agreement and its execution, including the setting, and the purpose and effect of the provisions and/or agreement. Taylor v. Butler, 142 S.W.3d 277, 284-85 (Tenn. 2004). Petitioner does not allege a single fact related to the circumstances surrounding the agreement or its execution in support of her conclusory allegation that the agreement at issue is unconscionable. Likewise, Petitioner fails to substantively recite the contractual terms or clauses at issue, let alone attach as an exhibit to the Amended Verified Petition a true and accurate copy of the alleged unconscionable agreement at issue. Unconscionability of a contract has two components: (1) procedural unconscionability, which is unfairness in contract formation or "the absence of meaningful choice on the part of one of the parties" and (2) substantive unconscionability, which refers to unfairness in the terms of the contract such that the terms "are unreasonably favorable to the other party." Philpot v. Tennessee Health Mgmt., Inc., 279 S.W.3d 573, 579 (Tenn. Ct. App. 2007). The Petition fails to assert sufficient factual allegations to do more than merely speculate or create suspicion of a legally cognizable action and that Petitioner is entitled to relief based on satisfaction of the two-prong test for unconscionability.

More specifically, Petitioner, akin to the plaintiff in Smith, fails to plead facts identifying what is "grossly unfair" and "offensive to the public conscience" under the agreement at issue and what about that agreement renders it one-sided clearly favoring the

unidentified drafter. Petitioner merely (1) makes the conclusory assertion that the unconscionable and adhesive contract put her at a severe disadvantage when seeking and securing financing for her home and (2) asserts that she really did not understand the contract she entered into was what appears to be an interest-only loan. However, there are no factual allegations speaking to the absence of meaningful choice on her part and, under Tennessee law, parties to a contract are presumed to know the contents of a contract they signed, have a duty to learn the contents and stipulations of such a contract before signing, and their failure to fulfill that duty is at their own peril. Philpot, 279 S.W.3d at 581.

None of the purported factual assertions compel the legal conclusions that (a) GMAC has engaged in wrongful conduct and thereby caused Petitioner injury and (b) Petitioner is entitled to relief. Even if, *assuming arguendo*, the purported facts could be construed as consistent with liability, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft, 129 S. Ct. at 1949. Each of these purported allegations exemplifies what the Supreme Court calls "an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not meet the Fed. R. Civ. P. 8 pleading standard. See id. These naked assertion[s] devoid of further factual enhancement do not suffice. Because Petitioner solely asserts vague legal conclusions without supporting factual allegations, her Amended Verified Petition fails to state a claim upon which relief can be granted.

For all of the above reasons, the Court should dismiss, with prejudice, Petitioner's claims against GMAC to revoke or reform the agreement at issue based on unconscionability and for monetary damages.

- 9 -
Case 3:09-cv-00425-TWP-HBG   Document 4   Filed 10/02/09   Page 9 of 13   PageID #: 58

## C. PETITIONER FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES FOR DECEPTIVE PRACTICES.

In addition to demanding reformation of the Loan and compensatory damages, Petitioner demands punitive damages in the amount of $300,000.00 for deceptive practices. (Amended Verified Petition at *ad damnum* clause ¶ 3.) Federal Rule of Civil Procedure 9(b) states that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to plead with particularity, and thus satisfy the requirements of Fed. R. Civ. P. 9(b), "a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he or she relied; the fraudulent intent of the defendants[;] and the injury resulting from the fraud." Calipari v. Powertel, 231 F.Supp.2d 734, 735-36 (W.D. Tenn. 2002) (citing Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir.1993)).[10] Actions for relief for deceptive practices are subject to Rule 9(b)'s specific pleading requirements. See McKee Foods Corp. v. Pitney Bowes, Inc., No. 1:06-CV-80, 2007 WL 896153, at *5-6 (E.D. Tenn. Mar. 22, 2007) (applying Rule 9(b) to action under the Tennessee Consumer Protection Act for alleged engagement in unfair or deceptive practice and citing Metro. Property & Cas. Ins. Co. v. Bell, No. 04-5965, 2005 WL 1993446, at *5 (6th Cir. Aug. 17, 2005)); Scraggs v. La Petite Academy, Inc., No. 3:05-CV-539, 2006 WL 2711689, at *4 (E.D. Tenn. Sept. 21, 2006). "To satisfy [the particularity requirements of Rule 9(b)], a complaint . . . must . . . minimally [set] forth the facts." Scraggs, No. 3:05-CV-539, 2006 WL 2711689, at *4 (dismissing plaintiffs' claim because they alleged no facts indicating how the

---

[10] In Calipari, this Court dismissed the plaintiffs' fraud claims, holding that plaintiffs failed to allege "any indication of when the alleged fraud occurred, the place where the alleged fraud occurred, or the content of the alleged misrepresentation." Calipari, 231 F.Supp.2d at 736. This Court further held that the "lack of such allegations [failed] to give the defendants sufficient notice of the misrepresentation and [did] not afford the defendants the opportunity to answer the plaintiffs' fraud allegation in an informed way." Id.

defendant's alleged misrepresentation was deceptive or unfair, nor that plaintiffs suffered a loss as a result of the misrepresentation).

Here, as in Scraggs, Petitioner merely seeks punitive damages for a bald assertion of deceptive practices. Petitioner asserts no substantive facts identifying the deceptive practice, when the deceptive practice occurred, or the party that engaged in the deceptive practice. Additionally, Petitioner provides no detail regarding, *inter alia*, the content of any alleged misrepresentation or nature of any purported omission or the place where the alleged deception occurred. The Amended Verified Petition does not allege ***any*** background facts or incorporate by reference any facts from any other source related to deceptive actions or omissions by GMAC. Petitioner has fallen well short of her burden to plead with particularity. Petitioner's failure to provide any particulars has made it virtually impossible for GMAC to discern what actions, if any, Petitioner is contending constitute a purported deceptive practice and whether Petitioner contends GMAC engaged in such deceptive practice. As such, Petitioner has failed to state a claim upon which relief can be granted and these claims must be dismissed in accordance with Rules 9(b) and 12(b)(6).

For all the above reasons, Petitioner's claim for punitive damages for deceptive practices should be dismissed, with prejudice, for failure to state a claim on which relief can be granted.

## IV. CONCLUSION

For the reasons set forth herein and in GMAC's Motion to Dismiss, GMAC respectfully requests that this Court grant GMAC's Motion to Dismiss and dismiss Petitioner's Amended Verified Petition with prejudice. Additionally, GMAC respectfully requests such other and further relief as the Court deems just and equitable.

- 11 -
Case 3:09-cv-00425-TWP-HBG   Document 4   Filed 10/02/09   Page 11 of 13   PageID #: 60

Dated: October 2, 2009
Nashville, Tennessee

                              Respectfully submitted,

                          By:   s/ Christopher E. Thorsen
                                Christopher E. Thorsen (TN Reg. No. 021049)
                                BRADLEY ARANT BOULT CUMMINGS LLP
                                1600 Division Street, Suite 700
                                P.O. Box 340025
                                Nashville, Tennessee 37203
                                (615) 244-2582
                                cthorsen@babc.com

                              *Attorneys for Respondent GMAC Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 2nd day of October, 2009, a true and correct copy of the foregoing has been forwarded, via electronic delivery via the Court's Electronic Case Filing system to:

Andrew E. Farmer
The Law Office of Andrew E. Farmer
103 Commerce Street
Sevierville, Tennessee 37862
(865) 428-6737 Telephone
A9drew@gmail.com
*Attorney for Petitioner Catherine Gebhardt*

and via United States mail, postage prepaid to:

Frank R. Olson
McCurdy & Candler, LLC
P.O. Box 57
Decatur, Georgia 30031
(404) 373-1612 Telephone
(678) 891-5769 Facsimile
folson@mccurdycandler.com E-mail
*Attorneys for Respondent MGC Mortgage, Inc.*

s/ Christopher E. Thorsen
Christopher E. Thorsen
